UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**PAMELA WELLS, INDIVIDUALLY AND AS NEXT OF FRIEND OF R.W.;**

  *Plaintiff*,

v.

**COMERCIALIZADORA SALAZAR RODRIGUEZ S DE RL DE CV, MARTIN REYES E. SALAS, CSR AND FREIGHT COMPANY LLC, RODRIGUEZ PRODUCE & FREIGHT CO, LLC.,**

  *Defendants*.

Case No.  SA-24-CV-00320-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand. *ECF No. 11*. Defendants responded and filed an untimely Amended Response. *ECF Nos. 15,16*. Upon consideration, the Motion to Remand is GRANTED.

**Undisputed Factual Background**

The Amended Petition filed in state court reflects this case arises from an automobile accident that occurred in Devine, Medina County, Texas, on June 28, 2022. The Wells Plaintiffs allege the accident occurred as Pamela Wells was driving her vehicle and stopped at an intersection, with her son as a passenger. As Defendant Salas, driving a Kenworth cab pulling a trailer, approached the intersection where the Wells Plaintiffs were lawfully stopped at a red light, Salas collided with the rear of their vehicle. Police were summoned. The responding police officer's accident report reveals the owner of the cab driven by Salas to be Comercializadora Salazar Ro-

driguez (Comercializadora) from Monterrey, Mexico, and provided the VIN number of the vehicle. The accident report reveals the owner of the trailer to be David Alfaro Siqueiros San Pedro Garza from Garcia, Mexico, and provided the VIN number of the trailer.

On August 28, 2023, the Wells Plaintiffs filed suit in Texas state court in Medina County against Salas, Comercializadora, CSR and Freight Company (CSR) and Rodriguez Produce & Freight Company asserting causes of action against Salas of negligence, negligence per se and gross negligence. Against Comercializadora, CSR and Rodriguez Produce & Freight, the Wells Plaintiffs assert causes of action of respondeat superior, negligent entrustment and gross negligence.

Comercializadora and Salas removed the case from state court on March 29, 2024, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 asserting the action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) based upon fraudulent (improper) joinder of CSR and Rodriguez Produce & Freight. Comercializadora and Salas assert in the Notice of Removal that the citizenship of Defendants CSR and Rodriguez Produce & Freight must disregarded for purposes of diversity jurisdiction because these parties were improperly joined as defendants to destroy diversity jurisdiction. *Id*.

The parties do not dispute that the Wells Plaintiffs are both citizens of Medina County, Texas; Salas is a citizen and resident of Mexico; Comercializadora is an entity organized under Mexican law with its principal place of business in Mexico, and was conducting business in Texas; CSR's principal place of business is in Texas, and; Rodriguez Produce & Freight's principal place of business is in Texas. These are the only jurisdictional facts provided by the removing parties.

**Legal Standard**

A federal court holds original, diversity jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity means the civil action is between citizens of different states and "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." 28 U.S.C. § 1332(a); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).

Removal of an action to a federal court is proper when a civil action brought in state court would otherwise be within the original jurisdiction of the federal courts. 28 U.S.C. § 1441. In addition to the diversity of citizenship requirement under 1332(a), removal to federal court based on diversity of citizenship is proper, or the case is only removable, when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought" (the "no-local-defendant rule"). 28 U.S.C. § 1441(b)(2); *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022). A federal court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Following removal to a proper federal court, an opposing party may move to remand the action to state court. *See* 28 U.S.C. § 1447(c). Upon examination of a motion to remand, any doubt as to the propriety of removal and any ambiguities must be resolved in favor of remand to state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Jurisdiction must be reviewed based upon the pleadings

and operative facts as they existed at the time of removal. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014); *Torres v. State Farm Lloyds*, CV H-19-3730, 2020 WL 555393, at *1 (S.D. Tex. Jan. 17, 2020), report and recommendation adopted, 2020 WL 553809 (Feb. 4, 2020).

The burden remains always on the removing party to establish the propriety of removal. When the removing party relies on diversity jurisdiction, courts "adhere strictly to the rule that citizenship of the parties must be distinctly and affirmatively alleged." *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 259 (5th Cir. 2008) (per curiam). If removal is based upon diversity jurisdiction, a party must file a disclosure statement which discloses the citizenship of every individual or entity whose citizenship is attributed to that party. FRCP 7.1. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Therefore, to prove citizenship of an L.L.C., the removing party "must list the citizenship of each member of each [unincorporated entity]." *PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.*, No. CIV.A. C-11-47, 2011 WL 765972, at *1 (S.D. Tex. Feb. 25, 2011). The removing party fails to satisfy this burden of proving citizenship when the identity of the members and their respective states of citizenship remain unknown. *See id*. "Absent allegations of the citizenship of each member of an [un]incorporated association, the court may conclude there is a member in every state and that diversity jurisdiction does not exist." *Id*. (citing *Int'l Ass'n of Machinists v. E. Airlines, Inc.*, 320 F.2d 451, 455 (5th Cir. 1963)).

When determining diversity jurisdiction, if a defendant is improperly joined, the federal court must disregard citizenship of that defendant. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (citing 28 U.S.C. § 1359). Improper joinder may be estab-

lished in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood,* 385 F.3d at 573; *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 705–06 (N.D. Tex. 2011).[1]

The party seeking removal bears a heavy burden of proving the improper joinder of an in-state party who destroys diversity jurisdiction. *Smallwood,* 385 F.3d at 574; *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991); *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011). To meet this heavy burden to show improper joinder under the second method, a removing party must demonstrate there is no possibility of recovery by the plaintiff against an in-state defendant based on the factual allegations in the state petition. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016)(discussing *Smallwood,* 385 F.3d at 573-576). This demonstration imposes upon the removing party the necessity to show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The court need not predict whether the plaintiff will prevail on the merits, nor even if it will likely do so. *Id*. Instead, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id*. A mere theoretical possibility of recovery under state law does not suffice to preclude removal. *Smallwood,* 385 F.3d at 573 n. 9; *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d at 706.

A court may utilize two methods to analyze whether a plaintiff has a reasonable basis of recovery under state law. Initially, the usual procedure is for the district court to conduct a Federal Rule 12(b)(6)-type analysis, looking initially at the allegations of the live pleading filed in

---

[1] This action and the parties' arguments implicate only the second avenue to establish improper joinder of a non-diverse party: inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

5

state court at the time of removal. *Smallwood*, 385 F.3d at 573. This analysis differs from a typical Federal Rule 12(b)(6) analysis in that the district court may also consider summary judgment-type evidence to determine whether the plaintiff has a reasonable possibility of recovery in state court. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

Here, the parties utilize the accident report and the corporate filings documents from the Secretary of State as support for their arguments. Consequently, the Court will look beyond the Amended Petition and also review these documents as needed.

**Discussion**

**A. Arguments**

Comercializadora and Salas removed this action on the sole premise of improper joinder, arguing CSR and Rodriguez Produce & Freight are improperly-joined defendants added to preclude this federal court's diversity jurisdiction. Comercializadora and Salas contend the Wells Plaintiffs are unable to establish a cause of action against CSR or Rodriguez Produce & Freight because neither of these parties were involved in any way in the subject accident and because Comercializadora was Salas's employer when he was involved in the subject accident, not CSR or Rodriguez Produce & Freight.

In the Motion to Remand, the Wells Plaintiffs contend the Amended Petition specifically alleged facts which establish a viable cause of action or legal theory of liability against Rodriguez Produce & Freight.[2] The Wells Plaintiffs argue the accident report completed by the responding police officer reflects Salas's employer as Comercializadora as well as the VIN numbers of the cab and the trailer involved. However, the Wells Plaintiffs assert a search of the VIN number of the cab reflects it is owned by Rodriguez Produce & Freight, and the previous owner

---

[2] The Wells Plaintiffs do not offer any argument, nor do they refer to CSR in the Motion to Remand. Therefore, the Court will not make any determination as to the propriety of joinder of CSR.

6

is "Comercializadora A Salazar." Therefore, the Wells Plaintiffs contend Rodriguez Produce & Freight is a properly named party, and they asserted sufficient facts to support the asserted causes of action against them. Because Rodriguez Produce & Freight's Texas citizenship destroys complete diversity required for this Court to have jurisdiction over this matter, the Wells Plaintiffs contend the Court should remand the case to the state court in which it originated, where they may conduct further discovery regarding the owner(s) of the subject cab.

Comercializadora and Salas filed a timely Response to the Motion to Remand and an untimely Amended Response. *ECF Nos. 15,16*. Because it is untimely, this Court need not consider the Amended Response or evidence attached to it. However, in the interest of judicial economy and fairness, the Court will consider the Amended Response and evidence attached to it as the basis of Comercializadora and Salas's arguments for the propriety of removal.

Comercializadora and Salas respond to the Wells Plaintiffs' basis for remand, arguing the evidence the Wells Plaintiffs provide to support their argument that Rodriguez Produce & Freight is an owner of the cab is inaccurate and misleading. Instead, Comercializadora and Salas contend corporate filings establish Rodriguez Produce & Freight's existence was terminated on November 3, 2021, and show Comercializadora was the sole owner of the cab at the time of the accident. Based upon this evidence, Comercializadora and Salas contend this Court must presume the Wells Plaintiffs cannot assert a cause of action against Rodriguez Produce & Freight in state court. Comercializadora and Salas attach to their Response evidence to support these arguments. *See ECF No. 16, exhs. 1-4*.

Because it was the live pleading at the time of removal, the Court will examine its jurisdiction based upon the operative facts, allegations, and causes of action as plead in the Amended Petition filed in state court at the time of removal. *See In re Deepwater Horizon*, 745 F.3d at 163.

The Court will examine the evidence attached to the Motion to Remand and to the Amended Response to support the necessary factual findings and will presume any unknown, unprovided or unproven jurisdictional facts in favor of remand.

### B. Analysis

**Proof of Citizenship of CSR and Rodriguez Produce & Freight**

To begin, as the removing parties, Comercializadora and Salas carry the burden to provide the citizenship of all parties they contend are not diverse but were added to destroy diversity. These parties, CSR and Rodriguez Produce & Freight, are both listed in the Amended Petition as limited liability corporations (L.L.C.). Consequently, to prove to prove citizenship of these L.L.C.s, Comercializadora and Salas must identify each of the members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). *See Mullins v. Testamerica Inc.,* 300 Fed. App'x. 259, 259–60 (5th Cir. 2008); *PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.*, No. CIV.A. C-11-47, 2011 WL 765972, at *1 (S.D. Tex. Feb. 25, 2011). Comercializadora and Salas failed to do so. Absent allegations of the citizenship of each member of an incorporated association, the court may conclude there is a member in every state and that diversity jurisdiction does not exist. *Int'l Ass'n of Machinists v. Eastern Airlines, Inc.,* 320 F.2d 451, 455 (5th Cir. 1963); *see also PPI Tech. Services,* 2011 WL 765972, at *1.

Because Comercializadora and Salas failed to identify and provide the citizenship of each member of the L.L.C.s of CSR and Rodriguez Produce & Freight, absent allegations of the citizenship of each member, the Court will conclude there is a member in every state, and diversity jurisdiction does not exist. *Id*. Because these facts are not provided, even when given the opportunity, and because Comercializadora and Salas assert in their Notice of Removal that CSR and
8

Rodriguez Produce & Freight are "citizens" of Texas, this Court will operate from this assertion and will presume these undisputed jurisdictional facts as presented.

Accordingly, the face of the Amended Petition and the undisputed facts reflect two non-diverse Defendants whose presence would destroy this Court's jurisdiction: CSR and Rodriguez Produce & Freight. Consequently, if the Court finds either of these parties is properly joined, it must conclude diversity jurisdiction does not exist, and the case must be remanded to state court.

**Evidence in Support of Amended Response**

Next, to support their Response and to prove removal was proper, Comercializadora and Salas present to the Court two documents they contend establish that Comercializadora was the sole owner of the cab at the time of the accident: Exhibit 2, a bill of sale for the cab with VIN 3WKYD40X3GF489146, and Exhibit 3, the "Mexican circulation card for the cab." Both of these documents are in Spanish, with no translation provided. *See ECF No. 16, exhs. 2,3*.

When a party provides evidence to the Court in a foreign language, that party is responsible for providing a translation to the Court. *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 369 (5th Cir. 2022); *Unified Buddhist Church of Vietnam v. Unified Buddhist Church of Vietnam*, 838 Fed. Appx. 809, 813 (5th Cir. 2020)(both citing *United States v. Valdivia*, 680 F.3d 33, 45 (1st Cir. 2012)); *see also Weathered v. Family Dollar Stores of Tex. LLC*, No. 3:22-CV-2409, 2023 WL 8628929, at *3 (N.D. Tex. Nov. 27, 2023), report and recommendation adopted, 2023 WL 8627816 (N.D. Tex. Dec. 13, 2023).

Because Comercializadora and Salas failed to provide an English translation of the documents they present to prove ownership of the cab involved in the accident, the Court cannot consider this evidence, specifically: Exhibit 2, the alleged bill of sale for the cab with VIN 3WKYD40X3GF489146, and Exhibit 3, the alleged Mexican circulation card for the cab. *See id*.

This leaves the only competent evidence in support of Comercializadora and Salas's Amended Response to be a picture of the license plate of the subject cab and the corporate filing showing Rodriguez Produce & Freight's existence was terminated on November 3, 2021, prior to the subject accident. *See ECF No. 16, exhs. 1, 4*.

**Review of Arguments and Evidentiary Support**

In the Amended Petition, the Wells Plaintiffs allege the cab driven by Salas and involved in the accident was owned by Comercializadora, CSR and Rodriguez Produce & Freight. In the Motion to Remand, the Wells Plaintiffs provide evidence of the accident report which reflects the owner of the cab driven by Salas is Comercializadora. The Wells Plaintiffs also provide evidence to support their argument that the cab driven by Salas that was involved in the accident belongs to Rodriguez Produce & Freight: a document showing the result of a VIN number search of the Texas Department of Motor Vehicles website. To refute this evidence, Comercializadora and Salas provide the corporate filing showing Rodriguez Produce & Freight's existence was terminated on November 3, 2021, prior to the subject accident. *ECF No. 16, exh. 4*.

Thus, the parties present competing evidence regarding the ownership of the cab at the time of the accident. This evidence is not conclusive to support either party's contention and does nothing more than create an ambiguity on the disputed factual issue of ownership of the cab at the time of the accident. This Court must resolve all factual issues, doubts as to the propriety of removal, and ambiguities in favor of the Wells Plaintiffs, that is, in favor of remand. *See Mumfrey*, 719 F.3d at 397; *Gutierrez*, 543 F.3d at 251. Consequently, the Court must presume this disputed, or not yet known issue of fact, in favor of the Wells Plaintiffs. *See id*.

The final issue that remains before the Court is whether Comercializadora and Salas satisfied their burden to show Rodriguez Produce & Freight was improperly joined, that is, there is

no possibility of recovery against it based on the factual allegations in the state petition. *See Int'l Energy Ventures Mgmt.,* 818 F.3d at 200.

This demonstration imposes upon the removing party the necessity to show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The court need not predict whether the plaintiff will prevail on the merits, nor even if it will likely do so. *Id*. Instead, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id*. However, a mere theoretical possibility of recovery under state law does not suffice to preclude removal. *Smallwood,* 385 F.3d at 573 n. 9; *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d at 706.

In the Amended Petition, the Wells Plaintiffs allege Comercializadora, CSR and Rodriguez Produce & Freight are the owners of the subject cab. The Wells Plaintiffs allege Rodriguez Produce & Freight negligently entrusted the vehicle to Salas and provided facts, though scant, to support this cause of action based upon Rodriguez Produce & Freight's alleged ownership of the cab. The Wells Plaintiffs also assert a cause of action of gross negligence and assert basic facts to support this cause of action.

Without review whether any action would be successful, the alleged facts and the presumption in favor of the Wells Plaintiffs that Rodriguez Produce & Freight was the, or an, owner of the cab, all present the possibility of a plausible legal theory against Rodriguez Produce & Freight.

For these reasons, this Court concludes Comercializadora and Salas, as the removing parties, fail to satisfy their heavy burden to show improper joinder of Rodriguez Produce & Freight, a non-diverse party. For this reason, the Wells Plaintiffs' Motion to Remand is GRANTED.

**Conclusion**

Considering these facts and applicable caselaw and narrowly construing the removal statute and resolving any doubt in favor of remand, the Court finds Comercializadora and Salas did not meet the heavy burden of establishing the Wells Plaintiffs have no reasonable basis to recover against a nondiverse party in state court. The Court finds the question whether any cause of action will be successful is outside consideration.

For these reasons, the Court GRANTS the Wells Plaintiffs' Motion for Remand.

The Court's referral of all pretrial matters to Magistrate Judge Bemporad is withdrawn.

The Clerk of Court is DIRECTED to remand this matter in accordance with the usual procedure of the Court consistent with 28 U.S.C. § 1447(c). **The Court directs the Clerk of Court to close this case.**

It is so ORDERED.
SIGNED this 15th day of May, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE